UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RICHARD A. KIRKHAM,

    Petitioner,

  v.

REED HOLTGEERTS,

    Respondent.

CASE NO. C05-1551C

ORDER

This matter comes before the Court on the Report and Recommendation ("R&R") by United States Magistrate Judge Monica J. Benton recommending that the Court deny Petitioner's request for a temporary restraining order (Dkt. No. 9-1). The Court has carefully considered Petitioner's objections to the R&R (Dkt. No. 13) and the complete record in this case, and determined that neither oral argument nor the submission of additional evidence is necessary. For the reasons that follow, the Court DENIES Petitioner's objections, ADOPTS the R&R, and DENIES Petitioner's motion for a temporary restraining order.

I.    **Background and Procedural History**

This matter arises, originally, out of Petitioner's arrest and pending trial in King County Superior Court on a variety of domestic-violence related charges. (*See* Dkt. No. 6, at 3.) Alleging that he is being "systematically methodically and maliciously prosecuted and denied effective avenues of relief," Petitioner

ORDER – 1

filed his habeas corpus petition under 28 U.S.C. § 2254 on September 19, 2005. (*See id.* 2; Dkt. No. 1.) Specifically, Petitioner alleges that the King County Deputy Prosecutor assigned to his case improperly authorized a search of his cell and, after that search revealed Petitioner's romantic letters to a female inmate, the prosecutor used the content of those letters to turn the alleged victim (with whom Petitioner was also romantically involved) against him. (Dkt. No. 6, at 10–11.) Petitioner also alleges that jailhouse restrictions on telephone and mail access denied him sufficient opportunity to retain private counsel rather than his "incompetent" assigned counsel (*id.* 13) and has shown bias by denying Petitioner's motions for relief (*id.* 23). He further alleges that he has been unfairly placed in solitary confinement (*id.* 24) and denied access to legal research materials (*id.* 28). He surmises that the cumulative effect of these actions has been to deny him his Sixth Amendment right to counsel and Fifth Amendment right to due process. (*Id.* 36–37.) Petitioner further notes that his personal restraint petition to the Washington State Court of Appeals was denied on August 4, 2005. (*Id.* 5.)

Magistrate Judge Benton granted Petitioner's request to proceed *in forma pauperis* on October 4, 2005. (Dkt. No. 5.) That same day, Petitioner re-filed his § 2254 petition with a motion for a temporary restraining order ("TRO") under Civil Rule 65. (Dkt. No. 7.) Complaining that the superior court refuses to stay the trial, Petitioner argues that he will suffer irreparable harm if his TRO is denied and he is forced to go to trial. (*Id.* 2–3.)

On October 19, 2005, Magistrate Judge Benton issued the R&R recommending that Petitioner's motion for TRO be denied.[1] (Dkt. No. 9-1.) Because Petitioner was a party to a pending state action when he filed his motion, the R&R found that *Younger v. Harris*, 401 U.S. 37 (1971), required the court to abstain and barred an injunction. (*Id.* 2–3.) Petitioner filed his objections to the R&R on November 4,

---

[1] Because the habeas petition had not yet been served and Respondent had not yet appeared, Magistrate Judge Benton deemed only the motion for TRO ripe for resolution. (Dkt. No. 9, at 1–2.) The Court concurs in this decision. However, after issuing the R&R on the TRO motion, Magistrate Judge Benton issued an order to show cause why the petition should not be dismissed for failure to exhaust state remedies. (Dkt. No. 12.) Petitioner has responded to that order (Dkt. No. 14), but the Court will not address that issue here.

ORDER – 2

2005, arguing (on narrower grounds than in his habeas petition) that he has not had sufficient opportunity to retain counsel, and that the alleged victim—whom he once believed would be an exculpatory witness—has now turned against him due to the prosecutor's actions. (Dkt. No. 13, at 2–7.) He insists that federal intervention is warranted because the superior court refuses to dismiss or stay the state action despite what Petitioner alleges are gross constitutional violations. (*Id.* 6.) Consistent with the letter from Magistrate Judge Benton accompanying the R&R, Petitioner's objections were noted as ripe for consideration by this Court on November 25, 2005. (Dkt. No. 9-2.)

## II. Legal Analysis

### *A. Standard of Review*

Civil Rule 72 requires that, following a United States Magistrate Judge's report and recommendation in a prisoner-petition case, there must be sufficient opportunity for petitioner to object, and for the respondent to respond to any such objections. FED. R. CIV. P. 72(b); *see also* 28 U.S.C. § 636(b)(1). Following that process, the district court must "make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made." *Id.*

### *B. Anti-Injunction Act and* Younger *Abstention*

However, before adjudicating Petitioner's motion under Civil Rule 65(b), the Court must first inquire as to whether it has any basis to grant injunctive relief and stay a pending state-court action. This analysis begins with the Anti-Injunction Act, which sets forth the presumption that federal courts "may not grant an injunction to stay proceedings in a State court" unless another statute expressly authorizes such action. 28 U.S.C. § 2283. To overcome this presumption, Petitioner must show that he is entitled to equitable relief under the *Younger* abstention doctrine. The general rule, as enunciated by the *Younger* Court and amplified by its progeny, is that federal courts "should not act to restrain a criminal prosecution when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." *Younger*, 401 U.S. at 43–44. In this Circuit, the rule has been expressed as

ORDER – 3

1  requiring abstention "if (1) there are ongoing state judicial proceedings, (2) the proceedings implicate
2  important state interests, and (3) there is an adequate opportunity in the state proceedings to raise federal
3  [constitutional] questions." *Dubinka v. Judges of Superior Court*, 23 F.3d 218, 223 (9th Cir. 1994)
4  (internal quotations omitted). Petitioner does not dispute that there is an ongoing state prosecution or
5  that the state has a strong interest in enforcing its criminal laws. And although the state courts have
6  rebuffed his constitutional concerns thus far, he has not lacked opportunities to raise those issues;
7  "ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for
8  vindication of federal constitutional rights." *Kugler v. Helfant*, 421 U.S. 117, 124 (1975).

      C.    The "Bad-Faith" Exception to *Younger* Abstention

Instead, Petitioner argues that because "the state is now knowingly pursuing a conviction in bad faith, and cannot in any way obtain a legally valid conviction," his circumstances present the rare exception justifying injunctive relief. (Dkt. No. 13, at 9.) In doing so, he raises the well-established "bad faith" exception to *Younger*: "Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction . . . is federal injunctive relief against pending state prosecutions appropriate." *Perez v. Ledesma*, 401 U.S. 82, 85 (1971).

Here, Petitioner has failed to show the requisite harassment or bad faith by state officials. Petitioner's complaints about his inability to retain counsel are not detailed in his TRO motion, but in his habeas petition he alleges that the superior court placed restrictions on his mail and telephone access in jail. These restrictions, argues Petitioner, resulted in delays in his receipt of mail and "forced" him to choose between "incompetent" assigned counsel and proceeding pro se. (Dkt. No. 6, at 15–19.) Petitioner's second ground for injunctive relief is the prosecutor's alleged interference with what Petitioner anticipated would be exculpatory testimony by the alleged victim. Because the alleged victim ceased communicating with him after his love letters to the female inmate were discovered, Petitioner surmises that the alleged victim's testimony is now irreconcilably tainted. (Obj. 7.)

ORDER – 4

The Court finds nothing in this record to suggest that state judicial and prosecutorial officials have engaged in conduct related to Petitioner's prosecution for reasons "other than a good faith attempt to enforce the State's criminal laws." *Perez*, 401 U.S. at 85. His complaints of constitutional deprivations may sound in habeas corpus *after* he has established that violations actually occurred in the course of his criminal case and he has challenged those violations through post-trial appeals in the state's judicial system. However, the present record reflects little more than Petitioner's personal displeasure with the conduct of the prosecutor, judge, the alleged victim, and his stand-by counsel. *See New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 365 (1989) ("[I]t is clear that the mere assertion of a substantial constitutional challenge to state action will not alone compel the exercise of federal jurisdiction.") (internal quotations omitted). This is insufficient to overcome the state's strong interest in "carrying out the important and necessary task of enforcing its criminal laws" without unwarranted federal interference before the conclusion of the prosecution. *Id.*; *see also Drury v. Cox*, 457 F.2d 764, 764–65 (9th Cir. 1972) ("[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from, and the case concluded in state courts.").

**III.   Conclusion**

In sum, the Court finds that Petitioner's objections to the R&R are without merit. The Court DENIES those objections and ADOPTS the recommendations of Magistrate Judge Benton. Accordingly, the Court will not exercise its discretion to stay Petitioner's criminal case in state court, and DENIES his motion for a temporary restraining order.

SO ORDERED this 1st day of December, 2005.

UNITED STATES DISTRICT JUDGE

ORDER – 5